IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MARVIN WALKER, JR.,

                Plaintiff,

   v.

UNITED PARCEL SERVICE et al.,

                Defendants.

Civil No. 16-4949 (RBK/KMW)

**OPINION**

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendants United Parcel Service, Reverdy Wells, and Rob Rambo ("Defendants")'s Motion to Dismiss (Doc. No. 11). Plaintiff brings claims against Defendants for violations of Title VII of the Civil Rights Act of 1964, harassment, and perjury. For the following reasons, Defendants' motion is **GRANTED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff brings claims against his employer, United Parcel Service ("UPS") and his supervisors for violations of Title VII, harassment, and perjury. Plaintiff alleges that Defendants discriminated against him on the basis of race, color, and/or national origin in the following ways: Plaintiff was denied seniority rights afforded to white employees; Plaintiff received harsher punishments than white employees; Plaintiff was given more work and stops than white employees; Plaintiff was unable to file a grievance against white employees; Plaintiff was harassed by management; Plaintiff was defamed by Defendants Wells and Rambo; and that Plaintiff was the subject of racist statements and color classification by Defendant Wells. Compl.

---

1. On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "accept all factual allegations as true and construe the complaint in the light most favorable to the Plaintiff." *Phillips v. Cty. Of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). Accordingly, for purposes of this motion, the Court adopts and accepts as true the facts as pled in the Complaint.

at 7 (Doc. No. 1). Plaintiff further alleges that Defendant Wells committed perjury during a hearing before the New Jersey Appeal Tribunal and that there was perjury in a statement provided to the EEOC on October 28, 2015. *Id.*

Plaintiff filed a charge with the EEOC regarding these allegations on August 26, 2015. *Id*. Plaintiff received a Notice of Right to Sue letter from the EEOC on May 12, 2016. *Id.* Plaintiff filed the complaint in this case on August 12, 2016. *Id.* at 1. Defendants filed the instant motion to dismiss on October 19, 2016.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips*, 515 F.3d at 233). In other words, a complaint is sufficient if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc.*, 311 F.3d 198, 215 (3d Cir. 2002). Yet, while "detailed factual allegations" are unnecessary, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citations omitted).

To make this determination, a court conducts a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the

elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive where a court can infer only that a claim is merely possible rather than plausible. *Id.*

## III. DISCUSSION

### A. Title VII

Defendants raise several arguments as to why Plaintiff's complaint should be dismissed with prejudice. The Court, however, finds that their first argument is sufficient.

Defendants argue that Plaintiff's complaint is time-barred. Defs.' Br. at 6-8 (Doc. No. 11-1). Defendants note that a plaintiff has ninety days to file a complaint in federal court once the plaintiff has received a Right to Sue letter from the EEOC. Defs.' Br. at 6 (citing 42 U.S.C. § 2000e-5(f)(1) (2012)). The Third Circuit has noted that the ninety day statute of limitations for complaints filed under Title VII runs from the date plaintiff receives their Right to Sue letter. *Carter v. Potter*, 258 F. App'x 475, 478 (3d Cir. 2007). Plaintiff's complaint states that he received his Right to Sue letter on May 12, 2016. Compl. at 7. The Court takes notice that August 10, 2016 was nintey days after May 12, 2016. The Court observes that Plaintiff filed the instant Complaint on August 12, 2016. Therefore, notwithstanding some equitable tolling of the statute of limitations, Plaintiff's complaint was filed out of time.

Defendants go on to argue that the simple fact that Plaintiff is *pro se* is not, itself, grounds for equitable tolling of the statute of limitations. Defs.' Br. at 7. Defendants cite to a

3

particularly instructive case from the United States District Court for the District of Columbia, *Smith v. Dalton*. 971 F. Supp. 1 (D.D.C. 1997). The Plaintiff in *Smith* filed his Title VII complaint one day out of time. *Smith*, 917 F. Supp. at 3. The *Smith* Court noted that equitable tolling is justified in instances laid out by the Supreme Court in *Baldwin County Welcome Center v. Brown*, 466 U.S. 147 (1984). However, when one of those factors is not present, courts should not disregard "congressionally mandated time requirements 'for gaining access to the federal courts . . . out of a vague sympathy for particular litigants.'" *Id.* at 3 (quoting *Baldwin Cty. Welcome Center*, 466 U.S. at 152). The fact that Plaintiff was "no match" against defense counsel was insufficient to toll even one day of Title VII's statute of limitations. *Id.* at 4.

Plaintiff argues that his Complaint was timely filed because the period from May 12, 2016 to August 12, 2016 contained two federal holidays (Memorial Day and the Fourth of July). Pl.'s Opp'n at 2-3 (Doc. No. 12). Plaintiff claims that he spoke to a representative from the "District Court office" who assured him that he could file until August 12, 2016 due to the two federal holidays. *Id.* at 2. Plaintiff does not mention a date for this conversation, nor does he establish with whom he spoke.

Defendants reply that courts have not credited *pro se* litigant's contentions that the Clerk's Office gave them incorrect information regarding the ninetieth day for filing their complaint. Defs.' Reply Br. at 1 (Doc. No. 13). For example, in *Aljadir v. University of Pennsylvania*, the District Court for the Eastern District of Pennsylvania held that the ninety day period should not be tolled based on an allegation that Plaintiff failed to file by the ninetieth day after receiving incorrect information from the Clerk's Office. 547 F. Supp. 667, 670 (E.D. Pa. 1982), *aff'd* 709 F.2d 1490 (3d Cir. 1983).

The Third Circuit has stated unequivocally that the ninety day time limit "is strictly enforced and a delay of even one day will bar a claim." *Burgh v. Borough Council Borough of Montrose*, 251 F.3d 465, 472 (3d Cir. 2001) (citing *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d

4

172, 176 (3d Cir. 1999)). The Court finds that Plaintiff has not presented a compelling argument for tolling the ninety day statute of limitations for filing his Title VII complaint after receiving his Right to Sue letter from the EEOC. Therefore, Plaintiff's Title VII claims are time barred and the complaint will be dismissed.

### B. State Law Claims

The Third Circuit has held that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)). Plaintiff's claims under federal law have been dismissed, and there is no affirmative justification for this Court to retain supplemental jurisdiction over any potential state law claims at this point in the litigation. To the extent that Plaintiff's complaint may allege state law claims for harassment, failure to promote, retaliation, etc., the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). Any potential state law claims are therefore dismissed without prejudice.

**IV. CONCLUSION**

For the reasons stated herein, Defendants' Motion to Dismiss is **GRANTED**.


Dated:    04/07/2017                                           s/ Robert B. Kugler
                                                               ROBERT B. KUGLER
                                                               United States District Judge